UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SEAN RYAN TOM,<br><br>                Petitioner,<br>     v.<br>THE STATE OF NEVADA, *et al.*,<br><br>                Respondents. | Case No. 2:24-cv-00895-MMD-BNW<br><br>ORDER |

**I.   SUMMARY**

*Pro se* Petitioner Sean Ryan Tom filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), a motion for leave to proceed *in forma pauperis* ("IFP"), a motion for the appointment of counsel, a motion to amend his petition, and an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Amended Petition"). (ECF Nos. 1, 1-1, 2, 5, 7.) Because Tom paid his filing fee (ECF No. 9), this Court denies the motion to proceed IFP as moot. Because this Court ordered Tom to file an amended petition (ECF No. 4), the Court grants his motion to amend his petition. For the reasons discussed below, after conducting an initial review of the Amended Petition under the Rules Governing Section 2254 Cases, the Court orders Tom to show cause why his Amended Petition should not be dismissed without prejudice as unexhausted.

**II.   BACKGROUND**

Tom challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Sean Tom*, C-18-331584-1.[1] On February 19, 2020, the state court entered a judgment of conviction, following a jury trial, for sexual assault of a minor under the age of sixteen. Tom was sentenced to life in prison with the

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts in Tom's state court cases.

possibility of parole after 25 years. Tom appealed, and the Nevada Court of Appeals affirmed on February 17, 2021. *See Sean Ryan Tom v. State of Nevada*, 80719-COA. Remittitur issued on March 15, 2021. On May 17, 2021, Tom filed a state habeas petition. *See Sean Tom v. James Dzurenda*, A-21-834813-W. The state court denied the petition on November 6, 2023. Tom appealed, and briefing is still in progress on Tom's appeal before the Nevada Supreme Court. *See Tom v. State of Nevada*, 87585. Indeed, it appears that Tom's reply brief is currently due on July 22, 2024.

### III. DISCUSSION

Habeas Rule 4 requires an assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). It appears that Tom's Amended Petition is unexhausted.

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *See Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (finding that fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his

federal claim is based. *See Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

In his Amended Petition, Tom alleges various claims of ineffective assistance by his trial counsel. (ECF No. 7.) Because Tom's appeal of the denial of his state habeas petition is still pending before the Nevada appellate courts, this Court is not inclined to intervene before giving the Nevada appellate courts an opportunity to redress any violation of Tom's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"). Tom must therefore show cause as to why his Amended Petition, which appears to be wholly unexhausted, should not be dismissed without prejudice, allowing Tom the ability to refile his Amended Petition in a new case before this Court after the Nevada appellate court issues a decision on his pending appeal.[2] The Court defers ruling on Tom's motion for appointment of counsel until after receiving Tom's response to this Order.

## IV. CONCLUSION

It is therefore ordered that Petitioner's application to proceed IFP (ECF No. 1) is denied as moot.

It is further ordered that Petitioner's motion to amend the petition (ECF No. 5) is granted.

///

///

///

///

///

---

[2] Tom remains responsible for calculating the running of the federal limitation period and timely presenting claims.

It is further ordered that, on or before September 16, 2024, Tom must show cause as to why this action should not be dismissed without prejudice. If Tom does not timely and fully respond to this Order, this action will be dismissed without further advance notice.

DATED THIS 19th Day of July 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE